**Edwin Ritter JONAS III, Esquire, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 09–72248.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Nov. 2, 2011.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edwin Ritter Jonas, III, Esquire, Rollins, MT, pro se.

Robert Joel Branman, I, Esquire, John A. Dicicco, Acting Assistant Attorney General, Richard Farber, Esquire, Supervisory, U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Edwin Ritter Jonas III appeals pro se from the Tax Court's order sustaining a notice of federal income tax deficiency for tax years 2002 and 2003. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review for an abuse of discretion. *River City Ranches # 1 Ltd. v. Comm'r*, 401 F.3d 1136, 1139 (9th Cir.2005) (discovery); *Liti v. Comm'r*, 289 F.3d 1103, 1105 (9th Cir.2002) (sanctions). We affirm.

** This disposition is not appropriate for publication and is not precedent except as provid-

The Tax Court did not abuse its discretion in limiting discovery from Jonas's ex-wife and her divorce attorney concerning the constructive trust, in light of the orders from New Jersey courts denying Jonas access to constructive trust evidence. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (explaining principles of comity). Nor did the Tax Court abuse its discretion in declining to hold Jonas's ex-wife and her attorney in contempt, because they had adequate excuses for not providing all of the documents requested in the trial subpoena. *See* Tax Ct. R. 147(e) ("Failure by any person without adequate excuse to obey a subpoena served upon any such person may be deemed a contempt of the Court.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Jonas's remaining contentions are unpersuasive.

**AFFIRMED.**